IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ALBERT MCCOY**                                                                **PLAINTIFF**

v.                                                        CIVIL NO. 1:15cv195-HSO-JCG

**THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA, AND HUNTINGTON INGALLS
INDUSTRIES, INC.**                                                             **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANTS THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA AND HUNTINGTON INGALLS INDUSTRIES,
INC.'S, MOTIONS FOR SUMMARY JUDGMENT [31] [33],
AND DENYING AS MOOT DEFENDANT THE PRUDENTIAL
INSURANCE COMPANY OF AMERICA'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT [18]**

BEFORE THE COURT are Defendants The Prudential Insurance Company of America and Huntington Ingalls Industries, Inc.'s, Motions for Summary Judgment [31] [33], and Defendant The Prudential Insurance Company of America's Motion to Dismiss [18] Plaintiff Albert McCoy's First Amended Complaint.  Having considered the parties' submissions, the record, and relevant legal authority, the Court is of the opinion that because Plaintiff Albert McCoy failed to exhaust his administrative remedies, Defendants The Prudential Insurance Company of America and Huntington Ingalls Industries, Inc.'s, Motions for Summary Judgment [31] [33] should be granted, and Defendant The Prudential Insurance Company of America's Motion to Dismiss [18] Plaintiff's First Amended Complaint should be denied as moot.

I.  BACKGROUND

On or about October 25, 2014, Michael S. McCoy ("McCoy"), who was then 19 years old, died in a "single-vehicle accident."  First Am. Compl. [16] at 2-3.  At the time of his death, McCoy was employed at a shipyard in Pascagoula, Mississippi, owned by Huntington Ingalls Incorporated, a wholly-owned subsidiary of Defendant Huntington Ingalls Industries, Inc. ("Huntington Ingalls").  Huntington Ingalls Mem. [34] at 1; First Am. Compl. [16] at 2, ¶ 13.  Through his employment with Huntington Ingalls, McCoy had secured a life insurance policy through Huntington Ingalls' Employee Benefit Plan (the "Plan").  Huntington Ingalls Mem. [34] at 1.  After McCoy's death, Defendant The Prudential Insurance Company of America ("Prudential") paid "$25,000 in Basic Life benefits and an additional $25,000 in Optional Accidental Death & Dismemberment benefits to Michael S. McCoy's estate."  Huntington Ingalls Mem. [34] at 1.

McCoy's father, Plaintiff Albert McCoy ("Plaintiff"), was also employed at the same shipyard by Huntington Ingalls.  Plaintiff made a claim for "dependent life insurance benefits" for the death of his son, Michael S. McCoy, under Plaintiff's own coverage under the Plan.  First Am. Compl. [16] at 2-3; Prudential Mem. [32] at 1-3.  By correspondence dated February 9, 2015, Prudential notified Plaintiff that his claim for dependent life insurance benefits under his own coverage was denied.  Prudential Mem. [32] at 1-3; Prudential Letter [29-5] at 24-26.  Prudential's denial letter explained that because Plaintiff's son was employed by Huntington Ingalls at

the time of his death, Plaintiff's son could not qualify for dependent coverage under Plaintiff's own coverage, and further advised Plaintiff that any appeal of the decision to deny the claim

> . . . must be made in writing by you or your authorized representative. Your appeal must be submitted within 180 days of the receipt of this letter.  The appeal may identify the issues and provide other comments or additional evidence you wish considered.  You are entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records and other information relevant to your claim.  The written appeal should be submitted to:
>
> > Appeal Coordinator
> > The Prudential Insurance Company of America
> > Group Life Claim Division
> > P.O. Box 8517, Philadelphia, PA 19176

Prudential Letter [29-5] at 24-26.

It is undisputed that Plaintiff did not pursue an appeal.  Instead, on May 13, 2015, Plaintiff filed suit against Prudential and Huntington Ingalls in the Circuit Court of Jackson County, Mississippi, seeking damages for breach of contract, tortious breach of contract, fraudulent misrepresentation, negligence, gross negligence, and bad faith.  Compl. [4] at 5-10.

Prudential, with the consent of Huntington Ingalls, removed this matter to this Court on June 29, 2015, asserting that Plaintiff's claims arose out of the denial of benefits under a life insurance policy provided through Plaintiff's employer, such that the claims were governed by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and were preempted by federal law. Notice of Removal [1] at 1-6.

On August 18, 2015, Plaintiff filed his First Amended Complaint [16] and admitted that the "exclusive remedy" for his claims fell under ERISA. First Am. Compl. [16] at 2. The Amended Complaint asserted causes of action for breach of fiduciary duty and restitution. First Am. Compl. [16] at 3-4. Plaintiff also sought equitable relief, asking the Court to enjoin Defendants from denying the life insurance benefits, to order Defendants to pay the life insurance benefits, and to issue a "writ of mandamus" ordering Defendants to "confer benefits to the Plaintiff in accordance with the policy at issue." First Am. Compl. [16] at 4-5. Prudential filed a Motion to Dismiss [18][1] Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on August 31, 2015.

On January 22, 2016, Prudential filed its Motion for Summary Judgment [31], contending that: (1) Plaintiff could not pursue equitable remedies under ERISA since Plaintiff's claim for payment of the life insurance benefits arises from a separate provision of ERISA; and (2) Plaintiff failed to exhaust his administrative remedies which is a pre-requisite to bringing suit in federal court. Prudential Mot. Summ. J [31] 1-2.

Huntington Ingalls also filed a Motion for Summary Judgment [33] on January 22, 2016, raising the same arguments as Prudential, and further asserting that: (1) Huntington Ingalls is not a proper party in that it has "no financial

---

[1] On August 31, 2015, Huntington Ingalls filed a Joinder [20] in Prudential's Motion to Dismiss [18]. Neither Huntington Ingalls nor Prudential have filed an answer to the First Amended Complaint.

obligation for payment of policy benefits and no ultimate control of the policy or plan at issue;" and (2) Prudential's decision to deny Plaintiff's claim was neither arbitrary nor capricious. Huntington Ingalls' Mem. in Supp. [34] at 3-7.

Plaintiff did not respond to either Motion. On February 11, 2016, Prudential filed a Reply Memorandum [35] in support of its Motion for Summary Judgment.

## II. DISCUSSION

A. In determining whether Defendants are entitled to summary judgment in this ERISA matter, the Court's analysis follows the standard summary judgment procedure.

The parties have conceded that this matter is governed by ERISA. "Standard summary judgment rules control in ERISA cases." *Green v. Life Ins. Co. of N. Am.*, 754 F.3d 324, 329 (5th Cir. 2014) (quoting *Cooper v. Hewlett– Packard Co.*, 592 F.3d 645, 651 (5th Cir 2009)). "Summary judgment is appropriate when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." *Cox v. Wal-Mart Stores E., L.P.*, 755 F.3d 231, 233 (5th Cir. 2014); *see* Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, a court "view[s] the evidence and draw[s] reasonable inferences in the light most favorable to the non-movant." *Maddox v. Townsend & Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011). Before it can determine that there is no genuine issue for trial, a court must be satisfied that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

If the movant carries this burden, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990) (the nonmovant must set forth specific facts to contradict the specific facts set forth by the movant, general averments are not sufficient).

To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). "A genuine dispute of material fact means that evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v. CCC&R Tres Arboles, LLC*, 736 F.3d 396, 400 (5th Cir. 2013) (quotation omitted). According to the United States Court of Appeals for the Fifth Circuit, the nonmoving party's burden

> . . . is not satisfied with "some metaphysical doubt as to the material facts," *Matsushita*, 475 U.S. at 586, by "conclusory allegations," *Lujan*, 110 S. Ct. at 3180, by "unsubstantiated assertions," *Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994), or by only a "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082 (5th Cir. 1994). We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.

*Little*, 37 F.3d at 1075 (internal citations and quotations omitted). If the evidence is merely colorable, or is not significantly probative, summary judgment is

6

appropriate. *Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co.*, 671 F.3d 512, 516 (5th Cir. 2012)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

B. <u>Because there can be no dispute of material fact that Plaintiff failed to exhaust his administrative remedies, Prudential and Huntington Ingalls are entitled to summary judgment.</u>

In their Motions for Summary Judgment [31] [33], both Prudential and Huntington Ingalls have carried their respective initial burdens to establish that Plaintiff failed to exhaust his administrative remedies prior to filing suit. *See* Prudential Mot. Summ. J [31] at 2; Huntington Ingalls' Mem. in Supp. [34] at 4-5. Since Plaintiff has not responded to either Motion, Plaintiff has not rebutted Defendants' assertions or otherwise established that any factual controversy exists on the question of whether Plaintiff properly exhausted his administrative remedies prior to filing suit. Although Plaintiff asserted in his First Amended Complaint [16] that "at no time prior to his claim" did either Defendant tell him that they would not pay the dependent policy benefits "if Michael McCoy was an employee of Ingalls," First Am. Compl. [16] at 3, ¶ 18, Plaintiff did not deny that he had received the denial letter or claim that he had followed the administrative appeal process prior to filing suit.[2]

---

[2] No party has requested that the Court determine whether the administrative appeal time has expired.

Even though ERISA is silent on the question of exhaustion of administrative remedies, the Fifth Circuit has adopted the common law rule that a plaintiff generally must exhaust the administrative remedies found in an ERISA plan prior to initiating suit. *Chailland v. Brown & Root, Inc.*, 45 F.3d 947, 950 (5th Cir. 1995). "Our cases applying this common law exhaustion requirement presuppose that the grievance upon which the lawsuit is based arises from some action of a plan covered by ERISA, and that the plan is capable of providing the relief sought by the plaintiff." *Id.* Moreover,

> [t]he primary purposes of the exhaustion requirement are to: (1) uphold Congress' desire that ERISA trustees be responsible for their actions, not the federal courts; (2) provide a sufficiently clear record of administrative action if litigation should ensue; and (3) assure that any judicial review of fiduciary action (or inaction) is made under the arbitrary and capricious standard, not de novo. Accordingly, decisions of the trustees are disturbed only if they are arbitrary and capricious, not on the basis of what the district court would have done in the first instance. This is necessary to keep from turning every ERISA action, literally, into a federal case.

*Denton v. First National Bank of Waco*, 765 F.2d 1295, 1300-1301 (5th Cir. 1985).

Based on the record before the Court, Prudential and Huntington Ingalls are entitled to judgment as a matter of law because there can be no dispute that Plaintiff failed to exhaust his administrative remedies prior to filing suit. *Swanson v. Hearst Corp. Long Term Disability Plan*, 586 F.3d 1016, 1018 (5th Cir. 2009); *Lacy v Fulbright & Jaworski*, 405 F.3d 254, 256 (5th Cir. 2002). For this reason, there is no need for the Court to consider Defendants' alternative arguments in support of summary judgment. *Swanson,* 586 F.3d at 1019.

III.  CONCLUSION

Because Plaintiff failed to exhaust his administrative remedies prior to filing this ERISA suit, Defendants are entitled to summary judgment.  In light of the Court's determination that summary judgement should be granted, Prudential's Motion to Dismiss will be denied as moot.  Accordingly,

**IT IS**, **THEREFORE**, **ORDERED AND ADJUDGED** that Defendants The Prudential Insurance Company of America and Huntington Ingalls Industries, Inc.'s, Motions for Summary Judgment [31] [33] are **GRANTED,** and Plaintiff Albert McCoy's claims against Defendants are **DISMISSED WITHOUT PREJUDICE.**

**IT IS**, **FURTHER**, **ORDERED AND ADJUDGED** that Defendant The Prudential Insurance Company of America's Motion to Dismiss [18] Plaintiff's First Amended Complaint is **DENIED** as **MOOT**.

**SO ORDERED AND ADJUDGED**, this the 28th day of June, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE